UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:08-CR-112 |
| V. | ) |
| | ) (JORDAN/SHIRLEY) |
| LUIS ANTONIO HERNANDEZ-RAMOS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This cause came before the Court on September 23, 2008, for a scheduled pretrial conference and motion hearing on the defendant's pending motions: Motion for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 19], Motion for Leave to File Additional Motions by Luis Antonio Hernandez-Ramos [Doc. 20], Defendant's Request for Disclosure of Exculpatory Evidence [Doc. 21], and Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 22], all of which were filed on September 2, 2008. Assistant United States Attorney Hugh B. Ward, Jr., appeared on behalf of the government. Attorney Bryan E. Delius appeared on behalf of Defendant Luis Antonio Hernandez-Ramos ("Defendant Hernandez"), who was also present and participated with the aid of an interpreter.[1] The Court heard the parties' arguments on the motions and took the motions under advisement.

---

[1] The Court notes that Attorney Jonathan A. Moffatt was present representing Defendant Wilman Mejia Ramos. Defendant Ramos does not have any motions pending before the Court.

1

# I. RULE 404(b) EVIDENCE

The defendant asks [Doc. 19] the Court to order the government to disclose any evidence that it intends to introduce at trial pursuant to Rule 404(b), Fed. R. Evid., to him at least thirty days before trial. He maintains that early disclosure is necessary to ensure his right to Due Process under the Fifth and Sixth Amendments to the United States Constitution. In this regard, he asks the Court to order the government to disclose the following with regard to each piece of evidence it intends to introduce under Rule 404(b):

> 1. Any and all factual details the Government will seek to introduce at trial relating to any and all alleged crime, wrong or bad act, relating either to a document and/or testimony from a witness;
>
> 2. Whether said evidence is to be introduced as a documentary exhibit and if so, the identity of each exhibit and its availability for inspection and copying;
>
> 3. The name of any witness who will give testimony about any other crime, wrong, or bad act and/or lay the foundation for the entry of any exhibit;
>
> 4. A summary of each and every witness's intended testimony and information bearing upon the credibility of such witness;
>
> 5. Whether each such crime, wrong, or bad act is presently the subject of a pending charge or ongoing criminal investigation, and if so, whether the Government intends to elicit the circumstance from any witness or through any exhibit; and
>
> 6. The element of the crime for which the other crime, wrong, or bad act is offered as proof, i.e., "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

The defendant contends that the disclosure of this evidence is necessary to allow defense counsel to prepare to meet this evidence and seek its exclusion.

The government responds [Doc. 23] that it will provide the "generalized notice" of 404(b)

2

evidence that it intends to introduce to the defendant seven days before trial in compliance with this Court's Order on Discovery and Scheduling [Doc. 16]. It maintains that this notice will give the defendant adequate time to challenge the admissibility of the evidence in a motion *in limine*.

At the September 23 hearing, defense counsel argued that he needed disclosure earlier than the seven days before trial provided in the Order on Discovery and Scheduling in order to permit time for language translation or interpretation services. He noted that the majority of discovery with which he has been provided in this case has been in Spanish. He contends that he may need interpretation services for the witnesses who will clarify and/or expound upon the 404(b) evidence. The government replied that at this point in the proceedings, it was not aware of any potential 404(b) evidence. It asserted that any potential 404(b) evidence that it might have has been turned over to the defendant in discovery. It maintained that any new information it received would be disclosed to the defendant pursuant to Rule 16, Fed. R. Crim. P.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 16, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. As the government points out in its response, the Advisory Committee comments state that the 1991 amendment to Rule 404(b) provides for pretrial notice but that "no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments. Although typically seven days should provide sufficient notice to

3

enable a defendant to challenge the introduction of 404(b) evidence at trial, the special circumstances of this case–the fact that the bulk of discovery is in Spanish and that defense counsel anticipates having to interview and/or use non-English-speaking witnesses to investigate the 404(b) claims–make the enlargement of the time for pretrial notice reasonable in this case. This is especially true when the Court considers that its standard pretrial order requires any motions *in limine* be filed five working days before trial. Accordingly, the Court finds that "reasonable notice" under Rule 404(b) in this case shall be fourteen days before trial. Such notice should provide the defendant time to seek the services of an interpreter in order to interview witnesses necessary to evaluating the government's Rule 404(b) claims.

With regard to the type of information the government must provide in its 404(b) notice, the Sixth Circuit has held that the "government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." United States v. Barnes, 49 F.3d 1144, 1148-49 (6th Cir. 1995). Such notice must be sufficiently clear that the issue of its admissibility can be resolved pretrial. Id. at 1149. Furthermore, the Advisory Committee Notes to the rule confirm that the government must only provide general information in its notice:

> [N]o specific form of notice is required. The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure, such as the Jencks Act, 18 U.S.C. § 3500, et. seq. nor require the prosecution to disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under Federal Rule of Criminal Procedure 16.

Fed. R. Evid. 404(b), Advisory Committee Notes on 1991 Amendments (citation omitted).

4

Guided by the case law and the Advisory Committee Notes to the rule, the Court does not find that the defendant is entitled to the level of detail in the notice that he requests in his motion. Instead, the government is simply ordered to give notice of the general nature of any 404(b) evidence it intends to introduce at trial. If the defendant believes that the government is not entitled to introduce the evidence of which it gives notice, he may file a motion *in limine* seeking its exclusion. The government's response to such motion will inform the defendant of the theory or element which the government believes provides the basis for the evidence's admissibility under Rule 404(b). The Court finds that such general notice would not prevent the defendant from preparing to exclude the 404(b) evidence.

Accordingly, the defendant's Motion for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 19**] is **GRANTED in part** in that the government is ordered to give notice of any 404(b)-type evidence that it intends to introduce at trial, if any, fourteen days before trial. The motion is **DENIED** in all other respects.

## II. DISCLOSURE OF EXCULPATORY EVIDENCE

The defendant makes [Doc. 21] a "formal request" for any exculpatory evidence and provides an extensive list of the types of evidence that he believes to fall within the ambit of exculpatory evidence. In his motion, he notes that the Court has already ordered the government to provide exculpatory evidence in its Order on Discovery and Scheduling and states that he requires no other action or ruling from the Court at this time. At the September 23 hearing, defense counsel confirmed that he did not intend for the Court to rule on this motion. As the defendant notes, the Court has already ordered the government to disclose exculpatory evidence in its Order on

Discovery and Scheduling [Doc. 16, para. E].[2]  Accordingly, the Defendant's Request for Disclosure of Exculpatory Evidence [**Doc. 21**] is **DENIED as moot**.

### III. PRETRIAL NOTICE OF GOVERNMENT'S INTENT TO USE EVIDENCE

The defendant moves [Doc. 22] the Court pursuant to Rule 12(b)(4)(B), Fed. R. Crim. P., to order the government to give written notice of all evidence that he is entitled to discover under Rule 16 and that the government intends to use in its case-in-chief at trial.  He contends that such notice is necessary for him to object to the admissibility of any such evidence before trial.  The government responds [Doc. 23] that Rule 12(b)(4)(B) contemplates the actual or potential filing of a motion to suppress and allowS the defendant to avoid filing such motion when the government does not intend to use the evidence that would be the subject of such suppression motion at trial.  It states that it is not aware of any evidence that would be subject to a motion to suppress in this case.  At the September 23 hearing, the government confirmed that it was unaware of any evidence relating to a potential suppression motion in this case and stated that if it discovered any such evidence, it would provide it to the defendant immediately.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) requires the government upon request of the defendant to give notice to the defendant of the government's intent to use certain evidence at trial.  The rule is

---

[2]The Court notes that the scheduling order [Doc. 16] directs the defendant to first request discovery from the government and be declined the same before seeking a resolution from the Court.  Although the government's response states that it opposes the defendant's motion with respect to the types of evidence that the defendant deems to be exculpatory and the timing of disclosure, the defendant apparently is not presently pursuing these issues.  By filing his "request" as a motion, the defendant has necessarily involved the Court, even though he maintains that he seeks no ruling at this time.  If defense counsel seeks to memorialize a request for discovery in the record without seeking a ruling from the Court, the defendant should file such request as a "notice," rather than as a motion.

limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Fed. R. Crim. P. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978).

At the September 23 hearing, defense counsel stated that he might file a motion to suppress evidence depending upon whom he identified as "government actors," but that at that time, he did not know the identities of the "government actors." Other than this vague comment made with respect to his motion to file additional motions, the defendant has given no indication that he intends to file a suppression motion. Rather, here, as in Lanier, it appears that "the defendant's Rule 12[(b)(4)(B)] motion was filed as a means of obtaining more specific discovery than that afforded by Rule 16." 578 F.2d at 1254. Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief. Of course, the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B)

7

request is made.

In this case, the government has stated that it is not aware of any evidence that would be subject to a motion to suppress. Accordingly, for the above reasons, the defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 22**] is **DENIED**.

## IV. ADDITIONAL MOTIONS

Finally, the defendant asks [Doc. 20] the Court for leave to file additional, unspecified pretrial motions. He notes that discovery in this case is voluminous and contains recordings in both English and Spanish. He maintains that the volume of the discovery and the language barriers that he faces have prevented him from fully determining what pretrial motions are warranted in this case. The government objects [Doc. 23] to the Court permitting the defendant to late-file any motions that could have been filed by the motion-filing deadline but does not object to defense motions occasioned by additional discovery.

At the September 23 hearing, defense counsel informed the Court that his continuing review of discovery materials may reveal that a suppression motion is warranted, depending upon his identifying the "government actors." The government maintained that it was not opposed to any motions that were related to new discovery in this case, but that it opposed reopening the motion-filing deadline as a fail-safe measure for the defense. It also stated that it was not aware of any evidence that would be subject to a suppression motion in this case.

The Court typically does not reopen the motion-filing deadline in a case, absent any showing of the type of motion the defendant desires to file or of specific need. In the present case, the Court notes that at the time of the September 23 hearing, the defense counsel was still reviewing the

8

voluminous discovery and was hindered in part by language barriers as to some of the materials. At the hearing, the Court instructed defense counsel that if he determined there was a specific motion he desired to file, he could move for the Court's leave to file that particular motion. Accordingly, the Motion for Leave to File Additional Motions by Luis Antonio Hernandez-Ramos [**Doc. 20**] is **DENIED**.

> Accordingly, it is ordered:
>
> (1) The defendant's Motion for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 19**] is **GRANTED in part** in that the government is ordered to give notice of any 404(b)-type evidence that it intends to introduce at trial, if any, **fourteen days** before the November 20, 2008 trial date. The motion is **DENIED** in all other respects;
>
> (2) The Defendant's Request for Disclosure of Exculpatory Evidence [**Doc. 21**] is **DENIED as moot**;
>
> (3) The defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 22**] is **DENIED**; and
>
> (4) The Motion for Leave to File Additional Motions by Luis Antonio Hernandez-Ramos [**Doc. 20**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge